UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DONALD HARDEY, II, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | No.: 20-cv-1390-MMM |
| | ) | |
| EMILY RUSKIN, et al., | ) | |
| | ) | |
| **Defendants.** | ) | |

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se*, filed a § 1983 action alleging deliberate indifference to his serious medical needs at the Pontiac Correctional Center ("Pontiac"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted).

Plaintiff attempts here to assert two different incidents of deliberate indifference. One involves the alleged refusal to surgically removed foreign bodies retained in Plaintiff's forearm. The other involves the alleged failure to treat his July 19, 2018 right wrist fracture. As to the forearm, Plaintiff pleads that he has an unidentified number of staples embedded there. It appears, from a comment Plaintiff credits to Defendant Ojelade, that it was Plaintiff himself, who placed the staples. Plaintiff had undergone a prior surgery to remove the staples in 2012, while he was held at a different prison. It appears that all of the foreign bodies were not removed and the surgeon recommended that Plaintiff return for an additional surgery. Plaintiff claims that

1

he saw Defendant Ojelade on numerous unidentified dates, asking that the surgery be done. He also filed an emergency grievance with Defendant Warden Kennedy, making her aware of his complaint. Plaintiff does not plead anything against Defendant Ruskin as to this claim but asserts that all Defendants are liable as to the failure to undertake the surgery.

Plaintiff second claim involves a July 19, 2018 fracture to his right wrist. Plaintiff asserts that he personally notified Assistant Warden Defendant Ruskin of his injury. He claims that Defendant Ruskin referred him for x-rays which took a week to be scheduled. He claims, without detail, that Defendant Ojelade has told him that his wrist is broken but refused to provide him treatment. He makes no mention of Defendant Kennedy as to this claim. Plaintiff has also named Defendant Wexford but asserts no claims against it. Plaintiff filed 38 pages of attachments to his complaint which were not reviewed as not necessary to the complaint. *Fitzgerald v. Dep't of Corr.*, 07-61, 2007 WL 951861, at *1 (W.D. Wis. Mar. 26, 2007). Plaintiff requests money damages and injunctive relief.

**ANALYSIS**

It is well established that deliberate indifference to the serious medical needs of prisoners violates the Eighth Amendment. *Snipes v DeTella*, 95 F3d 586, 590 (7th Cir 1996), citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A Plaintiff alleging deliberate indifference must show (1) that the professional knew of the serious medical need, and (2) disregarded that need. *Collignon v. Milwaukee County*, 163 F.3d 982, 989 (7th Cir 1998), citing *Farmer*, 511 U.S. 825, 837 (1994). Mere negligence or even gross negligence, does not constitute deliberate indifference. *Id* at 590. Similarly, a prisoner's dissatisfaction with a doctor's prescribed course of treatment does not give rise to a constitutional claim unless the medical treatment is "so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate the prisoner's condition."

*Snipes* at 591, citing, *Thomas v. Pate,* 493 F.2d 151, 158 (7th Cir. 1974).

As noted, Plaintiff attempts to plead two distinct and different claims in one complaint. A plaintiff may join several defendants in one suit only if the claims arose out of a single transaction and contain a question of fact or law common to all the defendants. Fed.R.Civ.P. 20(a); *Davis v. Harding*, 12-cv-559, 2013 WL 6441027, at *2 (W.D. Wis. Dec. 9, 2013). While both claims involve deliberate indifference to a serious medical need, they do not arise from a single transaction and appear to have occurred some years apart. *See Wilson v. Bruce*, 400 Fed. Appx. 106, 108 (7th Cir. 2010). *See also, George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007), "[u]nrelated claims against different defendants belong in different suits." In other words, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." The fact that both incidents allegedly involve Defendant Ojelade is not enough to make the claims "appropriately united in a single action." *See Ghashiyah v. Frank*, No. 05-C-0766, 2008 WL 680203, at *2 (E.D. Wis. Mar. 10, 2008).

There are also potential statute of limitations issues as Plaintiff's forearm injury occurred in 2012 or prior, before his transfer to Pontiac; and the wrist fractured occurred in July 2018, both more than two years prior to the filing of the complaint. *See Wilson v. Garcia,* 471 U.S. 261, 276, (1985) (deliberate indifference claims asserted under § 1983 are subject to the Illinois two-year personal injury statute of limitations); 735 ILCS 5/13-202. While Plaintiff alleges that his claims are "ongoing but within statute of limitations," the complaint does not adequately plead a "continuing violation" so as to extend the statute of limitations. *Jervis v. Mitcheff,* 2007 WL 435543, *2 (7th Cir. Dec. 13, 2007). This is so, as a § 1983 action will accrue when

defendants learn that Plaintiff "had a condition warranting medical attention yet unreasonably refused to provide that attention." *Heard v. Sheahan*, 253 F.3d 316, 318 (7th Cir. 2001). Here, Plaintiff does not identify any dates on which he was refused treatment for either condition.

Plaintiff will be given an opportunity to amend his complaint to provide the necessary detail. He is advised, however, that he may not plead these two separate occurrences in the same complaint. Plaintiff will proceed in this case on whichever claim he pleads in his amended complaint. In the event that Plaintiff wishes to pursue the remaining claim, he is to file it in a separate action with responsibility for the attendant filing fee.

The Court notes that, while Plaintiff has also named Defendant. Wexford, he has not alleged any claims against it. Merely naming a defendant in the caption is insufficient to state a claim. *Collins v. Kibort,* 143 F.3d 331, 334 (7th Cir. 1998). Wexford has potential liability under *Monell v. Dep't of Social Servs. Of City of New York*, 436 U.S. 658, 691-92 (1978), only where the alleged injury was the result of it policy or practice. *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (to adequately plead *Monell* liability, allegations "must allow [the court] to draw the reasonable inference that the [defendant] established a policy or practice" which caused the injury.) Here, Plaintiff does not plead that he was injured due to a Wexford policy or practice and Wexford is DISMISSED.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff will have 30 days from the entry of this order in which to replead his claims. The pleading is to be captioned Amended Complaint and is to include all of Plaintiff's claims without reference to a prior pleading. Failure to file an amended

4

complaint will result in the dismissal of this case, without prejudice, for failure to state a claim. All Defendants are DISMISSED.

    2.    Plaintiff's motion for recruitment of pro bono counsel [5] is found MOOT, with leave to reassert if he files an amended complaint.

| | |
|---|---|
| 3/4/2021 | s/Michael M. Mihm |
| ENTERED | MICHAEL M. MIHM |
| | UNITED STATES DISTRICT JUDGE |